**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

LUIS EDUARDO GUARCAX CHILEL, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

LAGADA, CORP. (D/B/A RITZ DINER), ACROPOL REST. CORP. (D/B/A RITZ DINER), and GEORGE KALOGERAKOS,

*Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

Plaintiff Luis Eduardo Guarcax Chilel ("Plaintiff Guarcax " or "Mr. Guarcax "), individually and on behalf of others similarly situated, by and through his attorneys, Sacco & Fillas LLP, upon his knowledge and belief, and as against Lagada, Corp. (d/b/a Ritz Diner), Acropol Rest. Corp. (d/b/a Ritz Diner) ("Defendant Corporations"), and George Kalogerakos ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Guarcax is a former employee of Defendants Lagada, Corp. (d/b/a Ritz Diner), Acropol Rest. Corp. (d/b/a Ritz Diner), and George Kalogerakos.

2. Defendants own, operate, or control a diner, located at 1133 1st Ave., New York, NY 10065 under the name "Ritz Diner."

3. Upon information and belief, individual Defendants George Kalogerakos serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the diner as a joint or unified enterprise.

4. Plaintiff Guarcax is a former employee of Defendants.

5. Plaintiff Guarcax was employed as a cook at the diner located at 1133 1st Ave., New York, NY 10065.

6. At all times relevant to this Complaint, Plaintiff Guarcax worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Guarcax appropriately for his overtime hours.

8. Defendants' conduct extended beyond Plaintiff Guarcax to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Guarcax and other employees to work in excess of forty (40) hours per week without providing overtime compensation required by federal and state law and regulations.

10. Plaintiff Guarcax now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Guarcax seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Guarcax's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a diner located in this district. Further, Plaintiff Guarcax was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Luis Eduardo Guarcax Chilel ("Plaintiff Guarcax " or "Mr. Guarcax ") is an adult individual residing in Bronx County, New York.

15. Plaintiff Guarcax was employed by Defendants at Ritz Diner from approximately January 5, 2021 until on or about September 7, 2023.

16. Plaintiff Guarcax consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a diner, located at 1133 1st Ave., New York, NY 10065 under the name "Ritz Diner."

18. Upon information and belief, Defendant Lagada, Corp. (d/b/a Ritz Diner) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1133 1st Ave., New York, NY 10065.

19. Upon information and belief, Defendant Acropol Rest. Corp. (d/b/a Ritz Diner) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1133 1st Ave., New York, NY 10065.

20. Upon information and belief, Defendant George Kalogerakos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Kalogerakos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant George Kalogerakos possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Guarcax , establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operate a diner located in Manhattan, New York.

22. Individual Defendant George Kalogerakos possesses operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Guarcax's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Guarcax, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Guarcax (and all similarly situated employees) and are Plaintiff Guarcax 's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Guarcax and/or similarly situated individuals.

27. At all relevant times, Defendants were Plaintiff Guarcax 's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Guarcax, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Guarcax 's services.

28. In each year from 2021 through 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the diner on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Guarcax is a former employee of Defendants who was employed as a cook.

31. Plaintiff Guarcax seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Eduardo Guarcax Chilel*

32. Plaintiff Guarcax was employed by Defendants from approximately from approximately January 5, 2021 until on or about September 7, 2023.

33. Defendants employed Plaintiff Guarcax as a cook.

34. Plaintiff Guarcax regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Guarcax 's work duties required neither discretion nor independent judgment.

36. From approximately January 5, 2021 until on or about November 19, 2022, Plaintiff Guarcax worked 6 days per week, for an average of approximately 53 hours per week.

37. From approximately January 19, 2023 until on or about September 7, 2023, Plaintiff Guarcax worked 6 days per week, for an average of approximately 50 hours per week.

38. From approximately January 5, 2021 until on or about July 2023, Defendants paid Plaintiff Guarcax his wages in cash.

39. From approximately January 5, 2021 until on or about September 7, 2023, Defendants paid Plaintiff Guarcax his wages by check.

40. From approximately September 2022 until on or about January 2022, Defendants paid Plaintiff Guarcax $17.00 per hour, for all hours worked.

41. From approximately January 2022 until on or about September 7, 2023, Defendants paid Plaintiff Guarcax $20.00 per hour, for all hours worked.

42. Defendants never granted Plaintiff Guarcax any breaks or meal periods of any kind.

43. No notification, either in the form of posted notices or other means, was given to Plaintiff Guarcax regarding overtime and wages under the FLSA and NYLL.

44. Defendants did not provide Plaintiff Guarcax an accurate statement of wages, as required by NYLL 195(3).

45. Defendants did not give any notice to Plaintiff Guarcax, in English and in Spanish (Plaintiff Guarcax 's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46. As a result of Defendants' failure to provide Plaintiff Guarcax and other employees a Notice of Pay Rate or accurate wage statements with each payment of wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that

they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Guarcax (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

48. Plaintiff Guarcax was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

49. Defendants' pay practices resulted in Plaintiff Guarcax not receiving payment for all his hours worked, and resulting in Plaintiff Guarcax's effective rate of pay falling below the required overtime wage rate.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Plaintiff Guarcax was paid his wages in cash and check.

52. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Guarcax (and similarly situated individuals) worked, and to avoid paying Plaintiff Guarcax properly for his full hours worked.

54. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Guarcax and other similarly situated former workers.

56. Defendants failed to provide Plaintiff Guarcax and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57. Defendants failed to provide Plaintiff Guarcax and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

58. As a result of Defendants' failure to provide Plaintiff Guarcax with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

## **FLSA COLLECTIVE ACTION CLAIMS**

59. Plaintiff Guarcax brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60. At all relevant times, Plaintiff Guarcax and other members of the FLSA Class have been similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

61. The claims of Plaintiff Guarcax stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

62. Plaintiff Guarcax repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Guarcax (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

64. Defendants' failure to pay Plaintiff Guarcax (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff Guarcax (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

66. Plaintiff Guarcax repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Guarcax overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Defendants' failure to pay Plaintiff Guarcax overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

69. Plaintiff Guarcax was damaged in an amount to be determined at trial.

## <u>THIRD CAUSE OF ACTION</u>

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

70. Plaintiff Guarcax repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants have failed to provide Plaintiff Guarcax with a written notice, in English and in Spanish (Plaintiff Guarcax's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

72. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Guarcax , Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

73. Defendants are liable to Plaintiff Guarcax in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

74. Plaintiff Guarcax repeats and realleges all paragraphs above as though fully set forth herein.

75. With each payment of wages, Defendants failed to provide Plaintiff Guarcax with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

76. As a result of Defendants' failure to furnish accurate statements to Plaintiff Guarcax , Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

77. Defendants are liable to Plaintiff Guarcax in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Guarcax respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Guarcax and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Guarcax's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Guarcax and the FLSA Class members;

(e) Awarding Plaintiff Guarcax and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Guarcax and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Guarcax ;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Guarcax 's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Guarcax ;

(j) Awarding Plaintiff Guarcax damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Guarcax damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Guarcax liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Guarcax and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Guarcax and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Guarcax demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 5, 2025

SACCO & FILLAS LLP

By: Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
Attorneys for Plaintiff

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO: GEORGE KALOGERAKOS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of LAGADA, CORP. (D/B/A RITZ DINER) and ACROPOL REST. CORP. (D/B/A RITZ DINER) for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
September 5, 2025

SACCO & FILLAS LLP

By: */s/ Clifford Tucker*

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: LAGADA, CORP. (D/B/A RITZ DINER) and ACROPOL REST. CORP. (D/B/A RITZ DINER)

PLEASE TAKE NOTICE, that Plaintiff and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
September 5, 2025

SACCO & FILLAS LLP

By: ___*/s/ Clifford Tucker*_____________

Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: Luis Eduardo Guarcax Chilel

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: Luis Eduardo Guarcax Chilel (May 21, 2024 17:49 EDT) Date/Fecha: May 21, 2024